**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN BECERRA, JR.,

Petitioner,

v.

J. ENGLEMAN, Acting Warden,[1]

Respondent.

Case No. CV 19-9934-PD

**MEMORANDUM OPINION AND ORDER DENYING PETITION, DISMISSING WITH PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY**

## I. Procedural History and Petitioner's Contention

Petitioner Juan Becerra, Jr. filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Complex-Lompoc, serving concurrent sentences imposed in two separate cases in the Southern District of Texas. The Petition challenges the Bureau of Prisons' computation of the sentence in one of those cases and seeks an order from this Court modifying the sentence commencement date or granting equivalent credit.

[1] Pursuant to Fed. R. Civ. P. 25(d), J. Engleman, who currently serves as acting complex warden of Federal Correctional Complex-Lompoc, is hereby substituted as the proper Respondent in this case.

The parties consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. [Dkt. Nos. 4, 11.] Respondent filed an Answer and Petitioner filed two replies.

For the reasons set forth below, the Court denies and dismisses the Petition with prejudice because the Bureau of Prisons computed the sentence in accordance with the governing statute and Ninth Circuit precedent.

## II. Pertinent Facts

In March 2011, Petitioner was arrested in the Southern District of Texas for possession of marijuana with intent to distribute. He was detained from the date of his arrest until June 2011, when the charges were dismissed. [Dkt. No. 12-1 at 5, 23.]

In September 2014, Petitioner was arrested and charged in Case No. 2:14-CR-00728-001 (the "2014 Case") in the Southern District of Texas for conspiracy to transport undocumented aliens. He was released on bond for approximately six months, from September 2014 and March 2015, until he was re-arrested after testing positive for cocaine. In January 2015, a jury convicted of conspiracy to transport undocumented aliens and aiding and abetting the transportation of an undocumented alien. On June 18, 2015, Petitioner was sentenced to a term of 33 months on both counts, to run concurrently. [*Id*. at 5-6, 32.]

After Petitioner began serving the sentence imposed in the 2014 Case, he was indicted in the Southern District of Texas on August 26, 2015, on charges related to the 2011 arrest. On September 29, 2015, Petitioner was arrested and made an initial appearance in Case No. 2:15-CR-00742-002 ("2015 Case"). On June 20, 2016, the court accepted Petitioner's guilty plea to one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, and on October 21, 2016, Petitioner was sentenced to

120 months incarceration. [*Id*. at 25, 43, 52.] The judgment of conviction in the 2015 Case stated: "This term consists of 120 months to be served concurrently with the undischarged sentence of imprisonment in [the 2014 Case]." [*Id*. at 52.] It also contained the sentencing court's recommendation "that the defendant receive credit for incarceration from the time of his arrest on the federal warrant for the instant offense." [*Id*.] During the sentencing hearing, the Court informed the probation officer, who was present, that the Court intended this specific credit to be his recommendation and ordered that it be part of the judgment. [Dkt. No. 12 at 27-28.]

For administrative purposes, the Bureau of Prisons ("BOP") aggregated both sentences into a single sentence. In doing so, the BOP set the sentence commencement date as June 18, 2015, which is the date when the 33-month sentence in the 2014 Case was imposed. The BOP then recognized the commencement date of the sentence in the 2015 Case as October 21, 2016, the date when Petitioner was sentenced to 120 months. Thus, the two sentences do not overlap entirely. Credit was applied to the single aggregated sentence for the following periods:

1. March 30, 2011 to June 21, 2011 (in custody for the offense related to the 2015 case);
2. September 9, 2014 to September 15, 2014 (in custody for the 2014 Case); and
3. March 12, 2015 to June 17, 2015 (in custody for the 2014 case).

The BOP did not credit the period between Petitioner's indictment and sentencing in the 2015 Case – August 2015 to October 2016 – to the sentence for the 2015 Case, but instead credited it as time served on the sentence from the 2014 Case. [Dkt. No. 12-1 at 8-9.]

Petitioner exhausted all administrative remedies challenging the BOP's calculation in June 2018. [*Id*. at 4-5.]

## III. Discussion

To obtain relief under 28 U.S.C. § 2241, a petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may challenge the "manner, location, or conditions of the sentence's execution" in the custodial court through a habeas action. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citation omitted).

Calculation of a federal prison term is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The sentencing court does not compute the sentence. The BOP, acting with authority delegated by the Attorney General, computes a federal prisoner's sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992) ("§ 3585(b) does not authorize a district court to compute the credit at sentencing."); *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998). A

prisoner may seek habeas relief on the ground that the BOP's computation unlawfully affects the length of his sentence. *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (upholding BOP's computation of good time credits and expected release date), *cert. denied*, 132 S. Ct. 2415 (2012).

Petitioner contends that the BOP's computation violates his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights because the sentencing court ordered that Petitioner's sentence of 120 months in the 2015 Case be served concurrently with the 33-month sentence imposed in the 2014 Case. He argues that the Court was clear in its intention that Petitioner receive credit for the time after he was indicted in the 2015 Case and asks this Court to recognize the sentence's commencement date as August 27, 2015, or to grant him credit for the time from August 27, 2015, to October 21, 2016.

**a. A Sentence May Not Commence Prior to its Imposition**

"[U]nder § 3585(a), '[a] sentence to a term of imprisonment commences on the date' that the federal government has primary jurisdiction over a defendant who is 'received in custody awaiting transportation to' the official detention facility." *Johnson v. Gill*, 883 F.3d 756, 764 (9th Cir. 2018) (alteration in original) (quoting 18 U.S.C. § 3585(a)). A sentence cannot commence until after it has been imposed by the court, even where the sentence is ordered to run concurrently with an existing sentence. *Schleining*, 642 F.3d at 1244 (adopting the interpretation of Second and Fifth Circuits). The Ninth Circuit in *Schleining* concluded that good time credit could not be awarded for time served in state custody prior to the imposition of a federal sentence ordered to run concurrently thereto. The court was persuaded by the reasoning in *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980), which involved concurrent federal sentences, that a federal sentence does not commence prior to its imposition. *Schleining*, 642 F.3d at 1248 ("What was

true with regard to a prior federal sentence in *Flores* is even more persuasive with regard to a prior state sentence, as here.").

Here, as in *Flores,* the concurrent sentences are both federal. The sentence in the 2015 Case could not commence before it was imposed on October 21, 2016, regardless of the Court's intention and order. *See Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998) ("Any statement by the court prescribing when a sentence will begin to run is mere surplusage."). Petitioner's citation to *United States v. Grimon*, 440 Fed. Appx. 830, 831 (11th Cir. 2011) is unpersuasive because the issue there was that the sentencing court had questioned its ability to impose a concurrent sentence at all and ultimately imposed a federal sentence consecutive to undischarged state sentences. [2] No such sentence was imposed here.

Therefore, the BOP did not violate any federal right in setting the commencement date of Petitioner's sentence in the 2015 Case.

**b. No Credit for Prior Custody May Be Granted When it is Already Credited to Another Sentence**

Under section 3585(b), a defendant may be credited for time served in custody unless that time has already "been credited against another sentence." *See Mont v. United States*, 139 S.Ct. 1826, 1834 (2019) (quoting 18 U.S.C. § 3585(b)) ("Congress denies defendants credit for time served if the detention time has already 'been credited against another sentence.'")

Petitioner received credit to his single aggregated sentence for three separate periods. In practice, the aggregate sentence consisting of the two concurrent sentences operates in the following manner:

---

[2] Petitioner also argues that the BOP has the authority to implement a fully concurrent sentence under 18 U.S.C. § 3621(b), but that section addresses the BOP's designation of the place of imprisonment when there are multiple sentences, not the length of the sentences.

1. The 33-month sentence in the 2014 Case began in September 2015, pursuant to § 3585(a), on the date it was imposed.

2. The 120-month sentence in the 2015 Case began in October 2016, pursuant to § 3585(a), on the date it was imposed.

3. The sentences began to run concurrently on the date the sentence in the 2015 Case sentence commenced. All subsequent time is served in both cases, concurrently.

4. The single aggregate sentence is credited by two periods that apply to the 2014 Case and one period that applies to the 2015 Case.

Petitioner seeks credit in the 2015 Case for the period from August 27, 2015 to October 21, 2016, when he was in custody, because an arrest warrant had issued in that case. During that period, Petitioner was serving the sentence in the 2014 Case.

Petitioner's argument misinterprets section 3585(b). The period at issue (from August 27, 2015 to October 21, 2016) cannot be credited toward the sentence in the 2015 Case because it was credited toward his sentence in the 2014 Case. If Petitioner were granted his desired relief, he would receive double credit; once toward the 2014 Case and once toward the 2015 Case. He is not entitled to credit for what would be pretrial detention in the 2015 Case because during that time he was serving the sentence imposed in the 2014 Case. *See Aguilar v. Entzel*, 770 Fed. Appx. 878, 879 (9th Cir. 2019) (no credit for pretrial detention in one federal case where it has been credited to another federal sentence).

Petitioner argues that he is essentially serving consecutive sentences.[3] Consecutive sentences never run at the same time, and one sentence does not

---

[3] In the Reply filed on June 10, 2020, Petitioner defines a concurrent sentence and provides an example of two concurrent sentences, one of 5 years and the other, 15 years, which results in a total of 15 years' incarceration. [Dkt. No. 20 at 4.] This argument fails to recognize that if the sentences were imposed on two different

commence until the completion of another. *See, e.g., Sherman v. Scribner*, 2011 U.S. Dist. LEXIS 156508, at *66 (C.D. Cal. 2011) (state petitioner sentenced to a total of 140 years to life, consisting of five consecutive sentences of 25 years to life, and three consecutive sentences of five years); *Rodarte v. Schumming*, 2017 U.S. Dist. LEXIS 73726, at *5 (D. Mont. 2017) ("Defendants have correctly treated [the petitioner's] four sentences consecutively in that he must finish serving each 20 year sentence before he starts serving the next 20 year sentence."). If the BOP had computed a term composed of two consecutive sentences in Petitioner's case, the sentence in the 2015 Case would not have commenced until the sentence in the 2014 Case had concluded. That is not what occurred here.

In sum, the operative statute and Ninth Circuit caselaw determine when Petitioner's sentence commences and what credit may be applied. The BOP's calculation of credit in his concurrent sentences correctly applied that law.

## IV. Order

For these reasons, the Petition is denied and the action is dismissed with prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a

---

dates, they would not overlap completely even if that were the sentencing court's intention.

certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: January 07, 2021

Patricia Donahue

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE